UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X

In re Application of

BULLSHINE DISTILLERY, LLC

Petitioner.

-----------------------------------------------------------X

Case No:

**APPLICATION FOR THE ISSUANCE OF A SUBPOENA AD TESTIFICANDUM AND SUBPOENA DUCES TECUM PURSUANT TO 35 U.S.C. § 24 TO HARVARD STUDENT AGENCIES, INC.**

## APPLICATION FOR THE ISSUANCE OF A SUBPOENA AD TESTIFICANDUM AND SUBPOENA DUCES TECUM PURSUANT TO 35 U.S.C. § 24 TO HARVARD STUDENT AGENCIES, INC.

Bullshine Distillery, LLC ("Bullshine") hereby applies pursuant to 35 U.S.C. § 24 for the issuance of (1) a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, and (2) a Subpoena to Testify at a Deposition (collectively, the "Subpoenas"), both directed to Harvard Student Agencies, Inc. (the "Student Agencies"). Bullshine's proposed Subpoenas are attached hereto as Exhibits A and B, respectively. The purpose of both subpoenas is to obtain discoverable information in connection with a trademark opposition proceeding currently pending before the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB") titled *Sazerac Brands, LLC v. Bullshine Distillery, LLC*, Opposition No. 91227653 (the "Opposition Proceeding").

In support of this Application, Bullshine represents as follows:

1. Bullshine is a maker and seller of premium whiskey products, including a line of premium flavored whiskeys.

2. On September 8, 2015, Bullshine filed an intent-to-use trademark application in the USPTO seeking registration of the mark "BULLSHINE FIREBULL" for use in connection

{N5789116;2}

with "[a]lcoholic beverages except beers." A copy of Bullshine's Trademark/Service Mark Application is attached hereto as Exhibit C.

3. On May 3, 2016, Sazerac Brands, LLC ("Sazerac") filed a Notice of Opposition to Bullshine's trademark application. Sazerac alleged that registration of the BULLSHINE FIREBULL mark would create a likelihood of confusion with, at least, U.S. Trademark Registration No. 2,852,432 (the "'432 Registration") for the mark "FIREBALL" for use in connection with liqueurs, and U.S. Trademark Registration No. 3,550,110 (the "'110 Registration") for the mark "FIREBALL" for use in connection with whisky or whiskey. A copy of Sazerac's Notice of Opposition is attached hereto as Exhibit D.

4. Bullshine counterclaimed alleging that the mark FIREBALL is generic for the goods in the '432 and '110 Registrations. In particular, Bullshine alleges that the term "fireball" is generic as a whole for liqueur and/or whiskey based alcoholic drinks. Bullshine, therefore, is requesting that the TTAB cancel the '432 and '110 Registrations. A copy of Bullshine's operative Third Amended Answer and Counterclaims is attached hereto as Exhibit E.

5. Importantly, Bullshine is entitled to pursue third-party discovery in connection with the Opposition Proceedings.

6. Generally, *inter partes* proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases set forth in Part 2 of Title 37 of the Code of Federal Regulations. *See* 35 U.S.C. § 23 (granting the Director of the Patent and Trademark Office ("PTO") the authority to "establish rules for taking affidavits and depositions required in cases in the [PTO]."). Under the PTO's rules, the Federal Rules of Civil Procedure generally apply to all phases of *inter partes* proceedings, such as the Opposition Proceedings, *see* 37 C.F.R. § 2.116(a), including discovery and the taking of depositions, *see* 37 C.F.R. § 2.120(a).

7. Nevertheless, the TTAB lacks the authority to compel witnesses through the subpoena power in *inter partes* proceedings. *Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd.*, 511 F.3d 437, 443-44 (4th Cir. 2007). Accordingly, Congress granted federal district courts subpoena authority under 35 U.S.C. § 24 to command the appearance of witnesses in administrative proceedings before the PTO:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. § 24.

8. A party to a TTAB *inter partes* proceeding can also obtain nonparty documents by subpoena pursuant to 35 U.S.C. § 24 with or without a deposition. *Id.*; *El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161, 1163, 1167 (10th Cir. 2016).

9. The Opposition Proceedings are indisputably a "contested case in the Patent and Trademark Office." The term "contested case," as used in 35 U.S.C. § 24 means "a proceeding in which the PTO has provided for the taking of depositions for use in that proceeding." *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1322 (Fed. Cir. 2013). The PTO has provided for the taking of depositions for use in the Opposition Proceedings. *See* 37 C.F.R. 2.120(b) ("The deposition of a natural person shall be taken in the Federal judicial district where the person resides or is regularly employed or at any place on which the parties agree in writing. The responsibility rests wholly with the party taking discovery to secure the attendance of a proposed deponent other than a party or anyone who, at the time set for taking of the deposition, is an

officer, director, or managing agent of a party, *or a person designated under Rule 30(b)(6) . . . of the Federal Rules of Civil Procedure. (See 35 U.S.C. § 24).*") (emphasis added).

10. A "witness" as used in the statute, is not limited to natural persons and allows the court to reach corporations and other juristic persons. *Rosenruist-Gestao*, 511 F.3d at 444-46 ("We agree with VEL that the 'witness' is not limited only to natural persons. The PTO regulations expressly contemplate the use of Rule 30(b)(6) depositions in which the corporation is the 'person' named in the subpoenas as the deponent. *See* 37 C.F.R. §§ 2.120(b), 2.124(b)(2). Nothing in the text of 35 U.S.C.A. § 24 suggests to us that, in the context of a contested PTO action, the interplay between Federal Rules 30(b)(6) and 45 operates differently."); *see generally El Encanto, Inc.*, 825 F.3d 1161 (permitting subpoena duces tecum issued pursuant to 35 U.S.C. § 24 directed toward corporation).

11. In addition, the parties to the Opposition Proceeding entered into a Stipulation to Proceed Via ACR (Accelerated Case Resolution) (the "Stipulation"), which the TTAB approved. A copy of the Stipulation is attached hereto as Exhibit F. A copy of the TTAB's order (the "Order") approving the Stipulation is attached hereto as Exhibit G. The Stipulation and Order provide that Bullshine may conduct third-party discovery concerning the subject matter described in the Subpoenas. *See* Exs. F & G.

12. This Application is proper pursuant to 35 U.S.C. § 24 and the Subpoenas should be issued for the following reasons.

13. *First*, the Subpoenas seek information that is relevant to the Opposition Proceedings. In particular, the Subpoenas seek evidence of the generic use of the term "fireball" in the widely circulated The Official Harvard Student Agencies Bartending Course book (2d ed.) and (3d ed.). *See* Exhibit A. This evidence is highly relevant to Bullshine's counterclaim that

term "fireball" in the '432 and '110 Registrations is generic for the goods or services and that the registrations should be cancelled. Moreover, this highly relevant evidence cannot be obtained from elsewhere.

14. *Second*, the Subpoenas meet all the statutory requirements for issuance under 35 U.S.C. § 24. Because the Student Agencies is within this district, having its place of business at 67 Mt Auburn Street, Cambridge, Massachusetts 02138, the Application seeks issuance of the Subpoenas from this district and the Subpoenas require compliance within this district.

15. *Third*, and finally, Bullshine will comply with all applicable provisions of Federal Rule of Civil Procedure 45. Bullshine will give notice to all parties in the Opposition Proceedings prior to serving the Subpoenas, and Bullshine will tender the required fees and traveling expenses required upon service of the Subpoenas.

## CONCLUSION

In sum, this Court has the statutory authority to issue the Subpoenas in connection with the Opposition Proceedings. The Subpoenas seek highly relevant evidence, are narrowly tailored, the material sought was authorized by the TTAB, and in all other respects comply with all applicable requirement of 35 U.S.C. § 24 and the Federal Rules of Civil Procedure. Accordingly, the Court should grant this Application and enter an order requiring the clerk to issue the attached Subpoenas pursuant to 35 U.S.C. § 24. A proposed order is filed herewith for the Court's consideration.

|  |  |
|---|---|
| Date: September 8, 2021 | Respectfully submitted,<br><br>CARMODY TORRANCE SANDAK & HENNESSEY LLP<br><br>By: _____<br>John R. Horvack, Jr.<br>Fatima Lahnin<br>Damian K. Gunningsmith<br>CARMODY TORRANCE SANDAK & HENNESSEY LLP<br>195 Church Street, 18th Floor<br>New Haven, CT 06509<br>Tel: 203-777-5501<br>Fax: 203-784-3199<br>jhorvackjr@carmodylaw.com<br>flahnin@carmodylaw.com<br>dgunningsmith@carmodylaw.com |